UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00102-TBR

BOBBY FORD, *et al.*,                                                                                  Plaintiffs,

v.

CAREY BATTS,                                                                                           Defendant.

### MEMORANDUM OPINION

Bobby Ford and Melvin Althizer filed this 42 U.S.C. § 1983 action against Carey Batts, the Sheriff of Ballard County, Kentucky, on June 27, 2016. [*See* R. 1 at 2, ¶¶ 2–3 (Complaint).] The complaint, which lacked the signature of any attorney, [*id.* at 7], along with a "summons," were delivered to Sheriff Batts on July 12, 2016, [*see* R. 3 at 2 (Proof of Service)]. Similar to the complaint, the "summons" was neither signed nor sealed by the Clerk of the Court. [*Id.* at 1 (Summons).] In light of those defects, Sheriff Batts asks the Court to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). [*See* R. 4 at 1–2 (Motion to Dismiss).] Despite ample opportunity, Ford and Althizer elected to forego filing any response or correcting those defects.

Federal Rule of Civil Procedure 4(a)(1) plainly requires that a summons "be signed by the clerk" and "bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F)–(G). "A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996). In absence of jurisdiction of that sort, the action "should be dismissed under Rule 12(b)(2)." *Id.* Here, Ford and Althizer failed to obtain a signed and sealed summons for Sheriff Batts, who timely moved for dismissal. Accordingly,

Ford and Althizer's action must be dismissed, *Mathies v. Silver*, 266 F. App'x 138, 140 (3d Cir. 2008), though without prejudice, *Intera Corp. v. Henderson*, 428 F.3d 605, 620–21 (6th Cir. 2005).

      Carey Batts' Motion to Dismiss, [R. 4], is **GRANTED**.  An appropriate order will issue separate from this Memorandum Opinion.

Date:

cc:      Counsel of Record