# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION
### CIVIL ACTION NO. 5:16-CV-00102-TBR

BOBBY FORD, *et al.*,                                                          Plaintiffs,

v.

CAREY BATTS,                                                                      Defendant.

## MEMORANDUM OPINION AND ORDER

From the moment Bobby Ford and Melvin Althizer's attorney filed this action against Sheriff Carey Batts, there were problems. The complaint lacked his signature, [R. 1 (Complaint)], and the "summons" delivered to the Sherriff was neither signed nor sealed by the Clerk of the Court, [R. 3 at 1 (Summons)]. The Deputy Clerk promptly notified Ford and Althizer's attorney of those issues, but he took no action. After waiting more than six months for the attorney to correct the identified defects, the Court dismissed the complaint, [R. 5 (Memorandum Opinion)], at the Sherriff's request, [R. 4 (Motion to Dismiss)].

Five months later, Ford and Althizer apparently learned of what had happened. Pursuant to Federal Rule of Civil Procedure 60(b)(1), the gentlemen now seek to reinstate this action. [R. 7 (Motion to Alter, Amend, or Vacate).] No one disputes the correctness of the Court's prior decision. [*Id.* at 1–2, ¶¶ 3–4.] Instead, Ford and Althizer ask the Court to relieve them from that judgment based on "excusable neglect." [*Id.* at 2–3, ¶¶ 7–8.]

Under Federal Rule of Civil Procedure 60(b)(1), the Court "may relieve a party or its legal representative from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In determining whether such relief is

appropriate, the Court considers (1) the movant's culpability for the adverse judgment (*i.e.*, whether the neglect was excusable), (2) the prejudice to the opposing party, and (3) the merit, if any, of the movant's lost claims or defenses. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012); *see also C & L Ward Bros., Co. v. Outsource Sols., Inc.*, 547 F. App'x 741, 744 (6th Cir. 2013). But the movant must first demonstrate a lack of culpability before the latter two factors will come into play. *United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). It is well-established that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993)). "Thus, in assessing a claim of excusable neglect, 'the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable.'" *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594 (6th Cir. 2002) (alteration in original) (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 397).

Here, the neglect of Ford and Althizer's attorney was inexcusable. The Deputy Clerk brought all deficiencies to the attorney's attention. Opposing counsel did the same. The Court gave the attorney six months to correct those defects. Ford and Althizer offer no basis to find that their attorney's failure was excusable. Though unfortunate for Ford and Althizer, this type of inaction by counsel does not qualify "as 'mistake' or 'excusable neglect' within" the meaning of Rule 60(b)(1). *Id.* at 595 (quoting *Helm v. Resolution Tr. Corp.*, 161 F.R.D. 347, 348 (N.D. Ill. 1995), *aff'd*, 84 F.3d 874 (7th Cir. 1996)). Under the circumstances of this case, Ford and Althizer are not entitled to relief. *See Hords v. Ocwen Loan Serving, LLC*, 601 F. App'x 440, 441 (6th Cir. 2015) (holding that

attorney's unexplained failure to respond to a motion to dismiss amounted to inexcusable neglect); *In re Love*, 3 F. App'x 497, 498 (6th Cir. 2001) (per curiam) (holding that attorney's unexplained failure to correct issue with service of process amounted to inexcusable neglect).

**IT IS HEREBY ORDERED** that Ford and Althizer's Motion to Alter, Amend, or Vacate, [R. 7], is **DENIED**.

**IT IS FURTHER ORDERED** that Ford and Althizer's Motion for Preliminary Injunction, [R. 8], Motion for Temporary Restraining Order, [R. 9], Motion for Leave to Amend Complaint, [R. 10], and Motion for Appointment of Counsel, [R. 11], are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Date:

cc:    Counsel of Record
        Plaintiffs, *pro se*